IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00798-KDB-SCR

| | |
|---|---|
| ERIC V. LEWIS,<br><br>    **Plaintiff,**<br><br>v.<br><br>BILL BLACK CHEVROLET,<br>CHRIS COLLINS,<br>INTERNAL REVENUE<br>SERVICE,<br>WHITE HOUSE,<br>VICKIE HARRISON,<br>ALFREDO R. PEREZ,<br>D.H. GRIFFIN, AND<br>NORTH CAROLINA<br>SECRETARY OF STATE,<br><br>    **Defendants.** | **MEMORANDUM AND ORDER** |

    **THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Although the application is partially blank, Plaintiff does represent that he has no income, assets, or employment. *See* Doc. No. 2. Based on that representation, the Court finds that Plaintiff does not have sufficient assets with which to pay the filing fee. Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint without prejudice after conducting that review.

1

## I.  Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that he lives on disability income and that he does not otherwise have assets that would allow him to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II.  Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this Complaint, Pro se Plaintiff Eric V. Lewis lists numerous federal statutes and separately lists allegations such as "life insurance scam, illegal surveillance, H[IPAA] violation,

2

Case 3:25-cv-00798-KDB-SCR    Document 3    Filed 10/24/25    Page 2 of 3

fraud death certificate, illegal human experiment," among others, which he appears to tie to his time in a "#mental Health * Jail." Doc. No. 1-1 at 1. He does not offer any facts to support any of his allegations. Instead, Plaintiff states that he wants to build a "bugatti Apartment building," with a "miami XPE style under ground garage," and wants to "own and control the roof above Ebenministry [sic]." *Id.* at 1-2. In addition, Plaintiff lists approximately twenty addresses in and outside of the United States, approximately fifty vehicle identification numbers, and dozens of brands he would like to carry in the stores he would like to have. *Id.* at 3-5. Most simply put, because Plaintiff has not alleged a viable federal claim or any claim over which this Court has jurisdiction, the matter must be dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 24, 2025

Kenneth D. Bell
United States District Judge